IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE WHALEY, JR.** | : | Civil No. 4:20-CV-1086 |
| **Plaintiff,** | : | |
| v. | : | (Magistrate Judge Carlson) |
| **PORTFOLIO RECOVERY ASSOCIATES, LLC.,** | : | |
| **Defendant.** | : | |

# MEMORANDUM OPINION

## I. Statement of Facts and of the Case

This case, which was removed by the defendant from a state magisterial district court in Lycoming County, Pennsylvania comes before us for consideration of two preliminary motions: a motion to remand the case to state court, filed by the plaintiff, and a motion to set aside a default judgment entered in this case in state court. (Docs. 10 and 16). As discussed below, the motion to remand will be denied and the motion to set aside default judgment will be granted, thus allowing the parties to fully address the merits of this case in federal court.

The pertinent procedural history in this case can be simply stated: On or about May 12, 2020, the plaintiff, George Whaley, filed a *pro se* complaint in state magisterial district court against the defendant, Portfolio Recovery Associates (hereafter PRA), alleging violations of the federal and state Fair Debt Collection

Practices Acts. (Doc. 1-1). Mr. Whaley's initial complaint sought $4,000 in damages from the defendant as compensation for these allegedly unlawful debt collection practices. (Id.)[1] PRA was served with a copy of this complaint through the U.S. mail on May 30, 2020. (Doc. 1, ¶ 2).

On June 29, 2020, PRA filed a notice of removal of the action to federal court. Attached to this notice was Whaley's *pro se* complaint, which was the only state court pleading at the time of removal. PRA also avers that it provided a copy of this notice of removal to Whaley and the state court on June 29, 2020. (Doc. 13-1). For his part, Whaley acknowledges receipt of that notice in early July 2020. However, apparently unaware of the actions taken by PRA on June 29, 2020, the state court entered a default judgment in favor of Whaley on July 1, 2020. (Doc. 16-1, at 3).

Set against this procedural backdrop, we are presented with two competing motions. First, Whaley has understandably filed a motion to remand this case to state court, where he enjoyed the entry of a default judgment. (Doc. 10). Not surprisingly, PRA opposes this remand motion. Second, PRA has understandably filed a motion to set aside the state court default judgment, which was entered following the filing of the notice of removal of this action to federal court. (Doc. 16). Not surprisingly, Whaley opposes this request.

---

[1] The plaintiff has now filed an amended complaint seeking $11,000 in damages. (Doc. 8).

Because we find that this case was properly and timely removed, and further conclude that the law strongly favors resolution of cases on their merits, we will deny the motion to remand, grant the motion to set aside default judgment, and prescribe a case management schedule for this lawsuit.

## II. Discussion

Turning first to Whaley's motion to remand, the scope of federal removal jurisdiction is defined by 28 U.S.C. § 1441 as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441 (a). Federal courts can assert original jurisdiction over cases based either on diversity of citizenship, 28 U.S.C. § 1332(a), or federal question jurisdiction, 28 U.S.C. § 1331. In this case, Whaley's *pro s*e complaint alleges violations of the Federal Fair Debt Collection Practices Act. These federal statutory violations, alleged by Whaley, give rise to federal question jurisdiction, which would permit the removal of this case to federal court.

For his part, Whaley seems to contest whether this case triggers removal jurisdiction, noting that under the Fair Debt Collection Practices Act, state and federal courts both have concurrent jurisdiction over these federal law claims. Whaley is correct that both state and federal courts have jurisdiction over such

claims, but the fact that concurrent jurisdiction exists here does not preclude a party from removing an FDCPA case to federal court. Carter for Searcy v. Darling, No. 1:12-CV-1511-MHS-LTW, 2013 WL 12247701, at *3 (N.D. Ga. Feb. 8, 2013), report and recommendation adopted, No. 1:12-CV-1511-MHS, 2013 WL 12247807 (N.D. Ga. Mar. 5, 2013); McGilvray v. Hallmark Fin. Grp., Inc., 891 F. Supp. 265, 267 (E.D. Va. 1995). Thus, the jurisdictional requirements for removal are satisfied here.

Finding that removal jurisdiction exists in this case, as a procedural matter, removal of cases is governed by 28 U.S.C. § 1446, which provides as follows:

> **(a) Generally.**—A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> **(b) Requirements; generally.**—(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(a)-(b).

Thus, § 1446 commands parties seeking removal to comply with a series of mandates: First, these parties are forbidden from filing notice of removal prematurely, prior

to the time when grounds for removal are apparent. However, at the same time, parties are required to file a notice of removal in a prompt and timely fashion and must seek removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Id.

It is well settled that "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.' Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) (citing Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir.1985)), cert. dismissed sub nom. American Standard v. Steel Valley Auth., 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988)." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). However, when construing § 1446:

> The first paragraph of Section 1446(b) sets out the fundamental and well-settled principle that the time limitation on removal of a civil action begins to run [only] when the defendant receives [actual] notice of the state court action, not when the state court action is commenced. This is the so-called receipt rule, which has the virtues of logic and common sense, and has been articulated and applied by many federal courts in numerous cases . . . .

Procedure for Removal–Time for Seeking Removal, 14C Fed. Prac. & Proc. Juris., § 3731 (4th ed. 2013). As its name implies, this "receipt rule" calculates the time for removal from the actual receipt of a pleading that gives notice that an action is subject to removal. Stephens v. State Farm Fire & Cas. Co., No. 1:14-CV-160, 2014 WL 1784686, at *2–3 (M.D. Pa. Mar. 24, 2014), report and recommendation adopted, No. 1:14-CV-0160, 2014 WL 1785383 (M.D. Pa. May 5, 2014).

Once a notice of removal is filed, the removing party owes one additional duty to the state court and the opposing party. Specifically, § 1446(d) provides that: "Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446 (d). In determining whether prompt notice of removal has been provided: " '[c]ases have held that filing notice to the state court within one month after removal in federal court is deemed "prompt," as required by § 1446.'" McLaughlin v. Bayer Essure, Inc., No. CV 14-7315, 2019 WL 2248690, at *2 n. 2 (E.D. Pa. May 24, 2019) (quoting Bajrami v. Reliance Standard Life Ins. Co., 334 F. Supp. 3d 659, 661 n.14 (E.D. Pa. 2018) (citing Tube City IMS Corp. v. Allianz Glob. Risks U.S. Ins. Co., 2014 WL 6682577, at *4 (W.D. Pa. Nov. 25, 2014) (24-day delay satisfied § 1446's promptness standard); Calderon v. Pathmark Stores, Inc., 101 F. Supp. 2d 246, 248 (S.D.N.Y. 2000) (36-day delay was found to be "harmless").

For his part, Mr. Whaley appears to contest removal of this case to federal court, arguing that the removal was untimely and that the notice of removal was inadequate. We disagree. Turning first to the question of timeliness, given that the 30-day removal deadline runs from the time of service, we find that this notice of

removal was timely filed. The defendant asserts that it was served with Whaley's complaint on May 30, 2020. Therefore, the June 29, 2020 notice of removal fell within the 30-day period prescribed by law.

Whaley's allegation that the notice was procedurally deficient because it did not include copies of any summons or other filings is also unavailing on the facts of this case. The state court docket indicates that at the time the notice of removal was filed, the only state court pleading was the *pro se* complaint, which was attached to the removal petition. By attaching all of the then existing state court pleadings to the notice, the defendant did everything that it could, and all that the law requires.

Whaley also suggests that PRA failed to provide prompt notice of the removal, as it is required to do by § 1446(d), because the state court and the plaintiff did not receive notice prior to June 29, but this argument is also unpersuasive. All indications are that the defendant provided the state court and Whaley with this notice of removal through the mail on June 29, 2020, and Whaley acknowledges receiving the notice in early July 2020. Given that delays of as much as 30 days are still deemed prompt under § 1446(d), the notice provided here was certainly sufficient to meet statutory requirements. Therefore, finding that this notice of removal was timely and sufficient, Whaley's motion to remand is denied.

We next consider PRA's motion to set aside the default judgment entered on July 1, 2020. Default judgments are governed by Rule 55 of the Federal Rules of

Civil Procedure. Under Rule 55 a default judgment may only be entered when the party against whom the default judgment is sought was served and "has failed to plead or otherwise respond." Fed. R. Civ. P. 55(a). Furthermore, in ruling upon requests relating to default judgments it is well-settled that these decisions are:

> [L]eft primarily to the discretion of the district court. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951). We recognize, however, that this court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to [deny or] set aside the default judgment "so that cases may be decided on their merits." Id. at 245. See also Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir.1983); Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d 653, 656 (3d Cir.1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir.1982). Nevertheless, we do not [deny or] set aside the entry of default and default judgment unless we determine that the district court abused its discretion. We require the district court to consider the following factors in exercising its discretion . . . : (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct. Gross v. Stereo Component Systems, Inc., 700 F.2d at 122; Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d at 656; Farnese v. Bagnasco, 687 F.2d at 764.

United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984).

In this case, we find that these discretionary factors favor setting aside this default judgment. Allowing this matter to be resolved on its merits is a cardinal guiding principle in our legal system, and one which causes courts to view default judgments with disfavor. This principle applies with particular force here, where PRA is actively litigating this case and has shown both a willingness and an ability

to defend this lawsuit. Furthermore, the plaintiff is not unfairly prejudiced by denying the entry of default in this case, when that default was entered at the outset of the litigation and at a time when the defendant was actively removing the case to federal court. Thus, it is clear that, in a case such as this where the defendant is actively litigating the plaintiff's claims, a default judgment based upon a brief delay in responding to the complaint filing would be inappropriate. See generally Sentry Select Ins. Co. v. LBL Skysystems (U.S.A.), Inc., 486 F. Supp. 2d 496, 502 (E.D. Pa. 2007) aff'd, 281 F. App'x 93 (3d Cir. 2008). Therefore, we will set aside the motion for entry of default and prescribe a process for merits litigation moving forward in this case.

    An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE WHALEY, JR.** | : | **Civil No. 4:20-CV-1086** |
| **Plaintiff,** | : | |
| v. | : | (Magistrate Judge Carlson) |
| **PORTFOLIO RECOVERY ASSOCIATES, LLC.,** | : | |
| **Defendant.** | : | |

## **ORDER**

In accordance with the accompanying Memorandum Opinion, the plaintiff's motion to remand (Doc. 10), is DENIED and the defendant's motion to set aside default judgment (Doc. 16), is GRANTED.

The court notes that the amount at issue in this case is relatively finite. Therefore, the court recommends that the parties consider early mediation of this dispute and IT IS ORDERED that the parties notify the court on or before **September 9, 2020**, if they wish to pursue mediation. If the parties voice a joint interest in mediation, we will stay further litigation pending the outcome of that mediation.

If the parties indicate that they do not wish to mediate this case, then Counsel and parties are advised to comply with Rule 16.3(a) of the Rules of Court for the Middle District of Pennsylvania. Local Rule 16.3 requires lead counsel for each

party to meet prior to the management conference and complete a "Joint Case Management Plan" form. In this case the court seeks a supplemental form from the parties setting a timetable for any further discovery, motions practice or other proceedings. **The completed form**, which is set forth in Appendix A of the local rules, **must be filed on or before September 18, 2020**. Counsel should also be conversant with the district's "Expense and Delay Reduction Plan," adopted on August 19, 1993, as required by the Civil Justice Reform Act of 1990.

Unless the parties request an in-person conference, a telephonic case management conference will be held in the above-captioned case on **September 22, 2020** at **10:00 a.m.**

So ordered this 26th day of August 2020.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge